## GORDON-CHECKER TAXICAB CO v HOFFHINES

Ohio Appeals, 2nd Dist, Franklin Co

No 2155. Decided March 8, 1932

Clark V. Campbell, Columbus, Stanley Schwartz, Columbus, and Thomas R. Clark, Columbus, for plaintiff in error.

Knepper, White, Smith & Dempsey, Columbus, for defendant in error.

KUNKLE, J.

Various errors are assigned in the petition in error, but counsel for plaintiff in error in his brief raises no question as to the liability of the plaintiff in error for the reason, as stated by counsel, the evidence seems to indicate that the driver of the taxicab was negligent and no negligence appears upon the part of the defendant in error that would preclude her recovery.

Counsel for plaintiff in error present but two questions: the first relates to the amount of the verdict and the second to the admission of certain testimony on rebuttal.

We have read this record with considerable care in so far as it relates to the injuries sustained by the plaintiff in error. Without attempting to recount the testimony in detail as to the injuries claimed to have been received by defendant in error and as to the effect of such injuries, upon consideration, we are of opinion that while the amount awarded by the jury was liberal yet it was not so excessive as to indicate passion or prejudice upon the part of the jury or to warrant a reviewing court in disturbing the same.

In reference to the admission of certain testimony by Dr. Drury upon rebuttal we find from the record that during the presentation of plaintiff in error's case an application was made for a physical examination of the defendant in error. This application was acceded to and the examina-

720

tion was had by Dr. Morrison.

During the testimony of Dr. Morrison, who was called by plaintiff in error, it was developed that the defendant in error had been previously subjected to a surgical examination by Dr. Drury. Counsel for defendant in error stated that he was unaware of the extent of this operation until the same was disclosed by the testimony. Upon rebuttal he called Dr. Drury who testified in reference to this operation and also answered several hypothetical questions to which counsel for plaintiff in error excepted.

The admission of testimony on rebuttal, to some extent, rests in the sound discretion of the trial court. From a consideration of the testimony of Dr. Drury and the preceding testimony we would not feel warranted in holding that the trial court abused its discretion in permitting the testimony in question.

Finding no error in the record which we consider prejudicial to plaintiff in error the judgment of the lower court will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.